STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  Docket No.: 10-AP-22
                                                  JCN - KEN - 6/13/2011


Bryan Higgins,

        Petitioner

                                                  DECISION AND ORDER

        v.


Maine Criminal Justice Academy,

        Respondent


        This matter was heard on May 24, 2011, on Petitioner's request, pursuant to M.R.

Civ. P. 80C, for judicial review of Respondent's decision to revoke Petitioner's

certification to work as a law enforcement officer in Maine.[1]    Attorney William

McKinley represented the Petitioner.    Assistant Attorney General Leanne Robbin

represented the Respondent.

Factual/Procedural Background

        As of May 28, 2008, Petitioner had been employed as a Maine State Trooper for

approximately 18 years. At that time, Petitioner owned a 16-foot motorboat that he was

---

[1] On May 12, 2010, Petitioner filed a Motion for Additional Evidence by which motion Petitioner requested that the Court include the April 4, 2011, decision of an arbitrator following a hearing at which Petitioner challenged his termination from his employment as the result of the incident that is the subject of this matter. The arbitrator concluded that there was no just cause for terminating and ordered Petitioner's reinstatement provided that he is certified as a law enforcement officer in the State of Maine. Because the decision was not rendered until April 4, 2011, Petitioner could not have filed his request with 10 days of the filing of the record as required by M.R. Civ. P. 80C(e). Insofar as Petitioner filed the request within a reasonable time after the issuance of the decision, the Court considers the request to be filed timely. In addition, although the relevance of the decision might be marginal, the fact that Petitioner has employment available as a law enforcement officer is at least arguably relevant to the appropriateness of the sanction imposed in this case. The Court, therefore, grants Petitioner's motion and supplements the record as requested.

offering for sale. On May 28, Robert Green expressed interest in the boat, and met with Petitioner at Petitioner's home in Levant to inspect the boat.

After viewing the boat, Mr. Green agreed to purchase the boat for $1,740 in cash. Before completing the purchase, Mr. Green wanted to take the boat to a local lake to test the boat. Petitioner agreed with the understanding that he would hold Mr. Green's money until Mr. Green returned with the boat. In the event Mr. Green decided not to purchase the boat, he would return the boat, and Petitioner would return Mr. Green's money. Mr. Green agreed that if he damaged the boat, he would be obligated to purchase it.

When Mr. Green returned to Petitioner's home, he informed Petitioner that he was not interested in purchasing the boat. In the course of a brief inspection of the boat, Petitioner noticed some damage to the propeller of the boat's motor. Petitioner, therefore, withheld $100 of Mr. Green's money to compensate for the damage. He returned the balance of the money to Mr. Green. As Mr. Green was leaving Petitioner's property, Petitioner noticed more damage to the propeller. Although Petitioner called to Mr. Green, Mr. Green proceeded to leave the premises.

Throughout his encounter with Mr. Green, Petitioner was off duty and was not wearing his law enforcement uniform. When Mr. Green failed to stop despite Petitioner's request, Petitioner retrieved his State Police vehicle from the garage in order to pursue Mr. Green, to stop him, and to discuss the issues regarding the boat. At the time, Petitioner's personal truck and his wife's vehicle were in the driveway.

As Petitioner pursued Mr. Green, using the radar with which his vehicle was equipped, he determined that Mr. Green was traveling at a speed of 76 miles per hour in a 45 mile per hour zone. Petitioner then decided to stop Mr. Green for criminal speed.

After the stop, Petitioner placed Mr. Green in handcuffs, took him into custody, and advised him that he was going to jail. Petitioner acknowledged that he does not typically arrest an individual for criminal speed, but that he was influenced by his personal involvement in the case.

Thereafter, Petitioner transported Mr. Green back to Petitioner's home. While at his home, Petitioner subjected Mr. Green to a "pat down." During the "pat down," Petitioner detected the cash that Mr. Green had originally tendered for the boat. Although Petitioner understood that the purpose of a "pat down" was to search for contraband or items that could pose safety concerns, Petitioner removed and retained the cash because he believed that he was entitled to the cash given his agreement with Mr. Green.

At some point after arriving at his home, Petitioner decided not to take Mr. Green to jail. Instead, he issued a summons to Mr. Green. As Petitioner was preparing the summons, Mr. Green said that he "would take the boat."

On March 6, 2009, the State charged Petitioner with Official Oppression, in violation of 17-A M.R.S. § 608. After a two-day trial, the jury was unable to reach a verdict. The State subsequently decided not to retry the case provided that Petitioner performed 20 hours of public service and refrained from future criminal conduct.

During the pendency of the criminal matter, based on the incidents of May 28, the Board of Trustees of the Maine Criminal Justice Academy (the Board) informed Petitioner of its decision to revoke his certificate to act as a law enforcement officer. Petitioner subsequently requested an adjudicatory hearing to be held after the conclusion of the criminal matter. On May 20, 2010, Hearing Officer James Smith conducted an

adjudicatory hearing after which he recommended the revocation of Petitioner's certificate. The Board, on June 11, 2010, adopted the recommendation of the Hearing Officer. Petitioner timely filed a request for judicial review pursuant to M.R. Civ. P. 80C and 5 M.R.S. § 11002(3).

Discussion

In its review of agency action, the Court is "limited to the record upon which the agency decision was based ..." 5 M.R.S. § 11006(1). The Court reviews "decisions made by an administrative agency for errors of law, abuse of discretion, or findings of fact not supported by the record." *Save Our Sebasticook, Inc. v. Bd. of Envtl. Prot.*, 2007 ME 102, ¶ 13, 928 A.2d 736, 740 (quotation marks omitted). In this review, the Court "shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 11007(3).

The Court "must affirm findings of fact if they are supported by substantial evidence in the record, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency." *Friends of Lincoln Lakes v. Board of Environmental Protection*, 2010 ME 18, ¶ 13, 989 A.2d 1128 (citations omitted). "The 'substantial evidence' standard does not involve any weighing of the merits of evidence. Instead it requires us to determine whether there is any competent evidence in the record to support a finding. Administrative agency findings of fact will be vacated only if there is no competent evidence in the record to support a decision." *Friends of Lincoln Lakes*, 2010 ME 18, ¶ 14 (citing, *Lakeside at Pleasant Mountain Condo. Ass'n v. Town of Bridgton*, 2009 ME 64, ¶ 11, 974 A.2d 893, 896; *Fitanides v. City of Saco*, 2004 ME 32, ¶ 23, 843 A.2d 8, 15).

In this case, the Board determined that Petitioner's conduct constituted Official Oppression, which is prohibited by 17 M.R.S. § 608, and, as a sanction, revoked Petitioner's law enforcement certificate. Petitioner challenges both the finding of Official Oppression and the sanction imposed.

Pursuant to 25 M.R.S. §2806(1)(B)(2), the Board "[m]ay suspend or revoke" an officer's law enforcement certificate if the officer "[h]as engaged in conduct that is prohibited ... by any provision of the Maine Criminal Code, chapter 15, 19, 25, or 45." The offense of Official Oppression is included within chapter 25. According to Maine law, "[a] person is guilty of official oppression if, being a public servant and acting with the intention to benefit himself or to harm another, he knowingly commits an unauthorized act which purports to be an act of his office." 17-A M.R.S. § 608(1) (2010).

The record establishes that Petitioner used his police vehicle to pursue an individual (Robert Green) for the purpose of resolving a private dispute. Although Mr. Green might have subsequently engaged in conduct for which Petitioner could legitimately stop Mr. Green's vehicle, the fact remains that Petitioner intentionally used the vehicle under circumstances that he knew to be inappropriate and unauthorized.

Even if the individual's later conduct is such that Petitioner's use of the vehicle to pursue Mr. Green for a private purpose cannot serve as the basis of a finding of Official Oppression, Petitioner's actions after stopping the vehicle independently support the Board's conclusion. After placing Mr. Green in handcuffs, a practice that Petitioner did not routinely employ when he stopped an person for criminal speed, Petitioner transported Mr. Green back to Petitioner's house to view the damage to the boat. At

Petitioner's home, Petitioner searched Mr. Green, and confiscated and retained the money that Petitioner had previously tendered for the boat. Although Petitioner's search of Mr. Green is arguably appropriate under the circumstances for safety reasons, his confiscation and retention of the money is clearly not justified as part of his arrest of Mr. Green for criminal speed. The record, therefore, contains substantial evidence to support the Board's finding that Petitioner "knowingly commit[ted] an unauthorized act that purport[ed] to be an act of his office."

Petitioner also contends that Respondent's decision to revoke Petitioner's certificate was arbitrary, capricious, or an abuse of discretion. In support of his argument, Petitioner cites a number of other matters in which Respondent imposed lesser sanctions for what Petitioner characterizes as more serious conduct.

Although a comparative analysis of other sanctions might have some relevance to the Board's determination of the appropriate sanction in Petitioner's case, such an analysis is not controlling. The Board must assess each case on its own merits. Here, the Board determined that revocation was warranted. In this case, the Board concluded that Petitioner used his status as a law enforcement officer to obtain money from an individual with whom he was involved in a private dispute. Given that the conduct was directly related to his role as a law enforcement officer, and involved the misuse of the authority afforded him as a law enforcement officer, the Court cannot conclude that the Board's decision was arbitrary, capricious or an abuse of discretion.

Conclusion

Based on the foregoing analysis, the Court affirms the June 11, 2010, decision of the Board of the Maine Criminal Justice Academy.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 6/13/11

_____
(Justice, Maine Superior Court

Date Filed __7/2/10__ __Kennebec__ Docket No. __AP-10-22__
County

**JUSTICE ASSIGNED: ROBERT MURRAY**

Action __Petition For Review__
80C

Bryan Higgins          vs.     Maine Criminal Justice Academy

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William K. McKinley, Esq.<br>PO Box 9711<br>Portland, ME  04104-5011 | Leanne Robbin, AAG |

| Date of Entry | |
|---|---|
| 7/9/10 | Petition For Review Of Final Agency Action, filed 7/2/10.  s/McKinley, Esq. |
| 7/14/10 | Return mail receipt served on Janet Mills, AAG on 7/7/10.<br>Return mail receipt served on John Rogers, on 7/7/10. |
| 8/2/10 | Certification of Record, filed. s/Robbin, AAG  **(record in vault)**<br>Index to Record, filed.<br><br>**NOTICE AND BRIEFING SCHEDULE ISSUED**<br>Copies to attys. of record. |
| 9/13/10 | Petitioner's Brief on 80C Appeal and Final Agency Action filed by Atty McKinley. |
| 9/27/10 | Respondent's memorandum of law filed by Leanne Robbins, AAG. |
| 10/6/10 | Petitioner's Reply Brief, filed. s/McKinley, Esq.<br><br>Notice of setting for _May 24, 2011 @ 1:00_ J. Nivison<br>sent to attorneys of record. |
| 5/12/11 | Petitioner's Motion for Additional Evidence and Incorporated Memorandum, filed. s/McKinley, Esq. |
| 5/23/11 | Memorandum in Opposition to Petitioner's Motion for Additonal Evidence, filed. s/Robbin, AAG |
| 6/15/11 | DECISION AND ORDER, Nivison, J. (6/13/11)<br>Based on the foregoing analysis, the Court affirms the June 11, 2010, decision of the Board of the Maine Criminal Justice Academy.<br>Pursuant to M.R.Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.<br>Copies to attys. of record. |